UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Matthew Brown, § § § § Plaintiff, § § v. § § Irvin Works Federal Credit Union; and § Experian Information Solutions, Inc., § § Defendants. § § § | Case No.   22-82 |

## COMPLAINT

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff is a resident of Allegheny County, Pennsylvania.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Irvin Works Federal Credit Union is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Experian Information Solutions, Inc. is in the business of maintaining and reporting consumer credit information for profit.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about July 11, 2018, Plaintiff filed for protection under Chapter 13 of the U.S. Bankruptcy Code.

10. Irvin Works was included among the creditors in Plaintiff's schedule of claims in the bankruptcy.

11. Plaintiff's three accounts with Irvin Works were included in the listing of unsecured claims in the bankruptcy.

12. In or around January 2019, Plaintiff's Chapter 13 plan was confirmed and Plaintiff has been making timely payments as required under the plan.

13. In or about August 2021, Plaintiff obtained a copy of his credit report from Experian.

14. Upon review of Plaintiff's credit report, Plaintiff observed that Irvin Works was reporting that Plaintiff owed past due balances on each of the three accounts being reported.

15. Each of the accounts Irvin Works was reporting also failed to note that the accounts were included in Plaintiff's Chapter 13 bankruptcy plan.

16. The false information regarding the accounts appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

17. Experian published the false information regarding the accounts to third parties.

## WRITTEN DISPUTE

18. On or about August 20, 2021, Plaintiff sent a written letter to Experian disputing the inaccurate information regarding the accounts reporting on Plaintiff's consumer report, including a portion of his bankruptcy schedule listing the accounts, and also requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing (the "Dispute").

19. Upon information and belief, Experian forwarded Plaintiff's Dispute to Irvin Works for reinvestigation.

20. Upon information and belief, Irvin Works received notification of Plaintiff's Dispute from Experian.

21. Irvin Works failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

22. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

23. Irvin Works failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

24. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

25. Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

26. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – Irvin Works

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

27. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

28. After receiving the Dispute, Irvin Works failed to correct the false information regarding the accounts reporting on Plaintiff's consumer report.

29. Irvin Works violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

30. As a result of this conduct, action, and inaction of Irvin Works, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

31. Irvin Works's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

32. In the alternative, Irvin Works was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover costs and attorneys' fees from Irvin Works pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## Count II – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

34. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

35. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

36. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss,

damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. The conduct, action, and inaction of Experian was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

39. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

41. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

43. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

44. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. The conduct, action, and inaction of Experian was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

46. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: January 14, 2022

                                              MCCARTHY LAW PLC

                                              /s/Eric Landes
                                              Eric Landes, Esq.
                                              McCarthy Law PLC
                                              4250 N. Drinkwater Blvd. Ste.320
                                              Scottsdale, AZ 85251
                                              Phone: 602-456-8900
                                              Fax: 602-218-4447
                                              *Attorney for Plaintiff*